# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LESTER F. KRUPP, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV2023 DJS |
| | ) | |
| UNKNOWN WEST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 91020), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $46.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $233.33, and an average monthly balance of $172.55. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $46.67, which is 20 percent of plaintiff's average monthly deposit..

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are: Unknown West (correctional officer), Unknown Willis (correctional officer) and Alan Breeding. Plaintiff complains that defendants required him to "work," and that he was disciplined when he refused to do so. Specifically, plaintiff asserts that defendant West required him to move library books during a search of his cell and that when plaintiff declined, telling defendant West he was "union," defendant West placed him in lock down for several hours for refusing to move the library books and facilitate the search of his cell.

**Discussion**

After filing this lawsuit, plaintiff filed a motion to voluntarily dismiss his claims against defendants Willis and Breeding. The Court will grant plaintiff's motion to voluntarily dismiss defendants Willis and Breeding and dismiss plaintiff's claims against defendant West pursuant to 28 U.S.C. § 1915.

The complaint is silent as to whether defendant West is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the governmental entity is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom was responsible for the alleged violations of plaintiff's constitutional rights purported by

defendant West. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, the Court notes that even if plaintiff had designated his claims against defendant West in his individual capacity, the claims would still be subject to dismissal. By his own account, plaintiff was not required to "work," but rather asked to facilitate a search of his cell by picking up the library books contained therein. Requiring a pretrial detainee to perform general housekeeping chores is not punishment. Martinez v. Turner, 121 F.3d 712 (8th Cir. 1997). Accordingly, his claims against defendant West are subject to dismissal.

Lastly, the Court notes that even if plaintiff's complaint had not been subject to dismissal for the aforementioned reasons, this action would be dismissed as malicious, pursuant to 28 U.S.C. §1915.

Plaintiff is before the Court in forma pauperis, meaning the Court has a duty to "dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious ..." 28 U.S.C. § 1915(e)(2). A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v.

Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). An action is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir.1988). A complaint may be dismissed as malicious where it "was not to rectify any cognizable harm, but only to harass and disparage" the defendant. Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir.1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious). Abuse of the judicial process is another grounds for determining that an action is malicious. Ballentine v. Crawford, 563 F. Supp. 627, 628-29 (N.D. Ind. 1983).

Upon consideration, the Court finds that plaintiff's conduct before this Court mandates a finding of maliciousness in this action. Plaintiff's litigation history reflects a habitual abuse of the legal process. Just within this past year, plaintiff has filed nine

(9) actions in this Court.[1] Three of these actions have been dismissed pursuant to 28 U.S.C. § 1915 as either frivolous or because they failed to state a claim, and the other pending cases appear, from their pleadings, to lack substantial merit. Additionally, Krupp v. St. Louis Justice Center, No. 4:07CV883 JCH (E.D. Mo.) was just recently dismissed as malicious. In that case, plaintiff filed a plethora of frivolous motions, needlessly wasting the Court's time and judicial resources. For example, plaintiff initiated approximately seventy (70) motions, of which, only eight (8) were granted in some part. As a result of plaintiff's litigiousness, there were over 159 docket entries prior to the case proceeding through discovery. In the Court's January 14, 2008 Order dismissing that action, Judge Hamilton noted:

> Plaintiff has repeatedly ignored this Court's rulings. For example, Plaintiff has filed a motion to appoint counsel nine times. (Doc. No. 30, 49, 62, 68, 83, 98, 117, 130, 139). Plaintiff has filed numerous motions to compel, even after Defendants have presented the Court with evidence that they have supplied Plaintiff with the appropriate discovery. (Doc. No. 123, 155). He refuses to accept the Court's denial
> of his request to subpoena Defendants' insurance provider. (Doc. No. 145, 156). In sum, his filings are hostile towards both the Court and Defendants.

---

[1]Krupp v. St. Louis Justice Center, No. 4:07CV883 JCH (E.D. Mo.); Krupp v. St. Louis Justice Center, No. 4:07CV884 JCH (E.D. Mo.); Krupp v. St. Louis Justice Center, No. 4:07CV912 CEJ (E.D. Mo.); Krupp v. Singer, No. 4:07CV913 TCM (E.D. Mo.), Krupp v. Stubblefield, 4:07CV1862 TIA (E.D. Mo.), Krupp v. City of St. Louis, No. 4:07CV1918 JCH (E.D. Mo.), Krupp v. Ball-Tyler, No. 4:07CV1968 CAS (E.D. Mo.); Krupp v. West, No. 4:07CV2023 DJS; (E.D. Mo.); Krupp v. Thompson, No. 4:07CV2025 DJS (E.D. Mo.).

Conduct such as the aforementioned shows a systematic abuse of the judicial process. Section 1915 requires the Court to dismiss plaintiff's case when such behavior occurs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to voluntarily dismiss his claims against defendants Alan Breeding and Unknown Willis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $46.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4], motion for injunctive relief [Doc. #5], and motion for extension of time to pay the filing fee [Doc. #9] are **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  16th  day of January, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE
